UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHANIEL SMITH,<br><br>      Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Civil No. 12-2783 (MJD/LIB)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that the matter be reassigned to the trial court judge who presided over Petitioner's previous criminal case in this District – United States v. Smith, Crim. No. 09-286 (ADM/JJK) [hereafter "No. 09-286"].

**I. BACKGROUND**

      In February 2010, Petitioner pled guilty to being a felon in possession of a firearm in No. 09-286. He was later sentenced to 180 months in federal prison, to be followed by a five-year term of supervised release. Petitioner is presently serving his sentence at the Federal Correctional Institution in Pekin, Illinois, ("FCI-Pekin").

      After Petitioner was convicted and sentenced, he filed a direct appeal. In July 2011, the Eighth Circuit Court of Appeals rejected all of Petitioner's claims for relief, and affirmed his conviction and sentence. United States v. Smith, 645 F.3d 998 (8th Cir.), cert. denied,

132 S.Ct. 594 (2011). Petitioner's application for a writ of certiorari was denied by the United States Supreme Court on November 14, 2011.

Petitioner's current habeas corpus petition was signed on October 29, 2012, and it was filed by the Clerk of Court on November 1, 2012. The current petition challenges the legality of Petitioner's sentence in No. 09-286. Petitioner claims that he was deprived of his constitutional right to effective assistance of counsel because of various errors allegedly made by his attorney during the sentencing process. (Petition, [Docket No. 1], pp. 3-4, and attachment.)

For the reasons discussed below, the Court finds that Petitioner's current habeas corpus petition should be construed as a motion for relief under 28 U.S.C. § 2255, and transferred to the trial court judge who presided over Petitioner's criminal case.

## II. DISCUSSION

The Court initially finds that Petitioner cannot seek habeas corpus relief under 28 U.S.C. § 2241 in this District, because neither Petitioner nor his current custodian are located in this District. It is well-settled that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). Petitioner is currently confined within the Central District of Illinois, and his current custodian, the warden at FCI-Pekin, presumably is located in that District as well. See McCoy, 537 F.2d at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional

institution in which the petitioner is incarcerated"). Therefore, the proper place for Petitioner to file a habeas corpus petition would be in the Central District of Illinois.

The Court has considered whether it would be appropriate to transfer this case to the Central District of Illinois, pursuant to 28 U.S.C. § 1631.[1] However, it would serve no useful purpose to effect such a transfer, because the claims that Petitioner is presently attempting to bring could not be adjudicated in a § 2241 habeas corpus proceeding, even if the case were filed in the proper district.

Petitioner's current petition presents a collateral challenge to his criminal conviction and sentence in No. 09-286. As a general rule, however, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

---

[1] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or any other collateral proceeding), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Rojas v. Apker, 470 Fed.Appx. 522, 523 (8th Cir. 2012) (unpublished opinion) ("[g]enerally, a federal inmate's exclusive remedy for collaterally attacking the constitutional validity of his sentence is through a 28 U.S.C. § 2255 motion filed in the sentencing court, unless he shows the remedy afforded by section 2255 is inadequate or ineffective") (citing Lopez–Lopez v. Sanders, 590 F.3d 905, 906 (8th Cir. 2010).

The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. In this case, however, Petitioner has made no effort to show that § 2255 is an inadequate or ineffective remedy for the claims that he is presently attempting to bring, and it is readily apparent that the "savings clause" is simply not applicable here. Therefore, if this case were transferred to the Central District of Illinois, that Court would very likely and reasonably have to summarily dismiss the case pursuant to § 2255(e). The Central District of Illinois Court

4

could quite understandably and very probably would conclude that a motion for relief under § 2255, presented to the original trial court, is the exclusive remedy by which Petitioner can collaterally challenge his conviction and sentence. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002) (a federal inmate "may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court") .

Although this action could properly be dismissed rather summarily without prejudice for lack of jurisdiction under § 2241, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court finds that the interests of justice would be better served by construing the current petition to be a § 2255 motion, and then reassigning the matter to the original trial court judge – i.e., District Court Judge Ann D. Montgomery. See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.] They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

Here, there is a particularly good reason to treat the current petition as a § 2255 motion, rather than dismiss it. Petitioner's judgment of conviction became final on direct appeal on November 14, 2011 – the date when the United States Supreme Court denied his application for a writ of certiorari. Clay v. United States, 537 U.S. 522, 527 (2003) ("[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition

5

expires"). This is significant, because § 2255 motions are subject to a statute of limitations, which normally expires one year after a defendant's conviction and sentence become final on direct appeal. 28 U.S.C. § 2255(f)(1).

Based on the foregoing analysis, it appears that in Petitioner's case, the deadline for seeking § 2255 review of his conviction and sentence will expire on November 14, 2012, one year after the conviction and sentence became final on direct appeal. Therefore, if the current petition is not construed to be a § 2255 motion, Petitioner may soon lose his one opportunity to seek post-conviction relief under § 2255. With this in mind, the Court finds that the interests of justice would be best served by construing Petitioner's current § 2241 petition to instead be a § 2255 motion.

The Court recognizes, however, that the present habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[2] First, Petitioner must be warned – and he hereby is warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions. Therefore, any collateral challenges to Petitioner's conviction and sentence must be raised in his present petition; he should not count on having another opportunity to seek post-conviction relief under § 2255. Id.[3]

---

[2] See also Castro, 540 U.S. at 382-83.

[3] Under different circumstances, the Court might suggest that if Petitioner has not included all of his collateral claims for relief in his current petition, then he could allow his current petition to be dismissed, and present all of his collateral challenges in a new § 2255 motion. However, that would be a risky course for Petitioner to follow here, because, as discussed in the text, it appears that the § 2255 statute of limitations will expire very soon, (on November 14, 2012). Therefore, if Petitioner were to "start over" now, by filing a new § 2255 motion in No. 09-286, that new motion might very well be time-barred. Petitioner could, perhaps, try to amend his current petition – after it is converted into a § 2255 motion

Secondly, Petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion." Id. If Petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation. If Petitioner does not file a timely written notice that clearly indicates his intent to withdraw his petition, he will be deemed to have consented to having his § 2241 habeas corpus petition treated as a motion for relief under 28 U.S.C. § 2255.

Finally, the Court notes that Petitioner did not tender any filing fee with his current habeas corpus petition, but he instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Although there is a $5.00 filing fee for a § 2241 habeas corpus petition, there is no filing fee for a § 2255 motion, (because it is not a pleading that initiates a new case; it is simply a motion filed in an existing criminal case). Given the Court's recommendation that the current petition be treated as a § 2255 motion, there should be no filing fee required for this matter. Therefore, the Court will recommend that Petitioner's pending IFP application be denied as moot.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

and transferred to the original trial court judge – to add new claims. However, defendants do not have an unfettered right to amend a § 2255 motion to add new claims after the statute of limitations has expired. See Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010) ("[a]n amended motion may raise new legal theories only if the new claims relate back to the original motion by 'aris[ing] out of the same set of facts as [the] original claims'"), quoting Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir.), cert. denied, 540 U.S. 1018 (2003). Needless to say, this Court expresses no opinion as to whether Judge Montgomery could or would permit any future amendments to the claims presented in the current petition.

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), should be construed to be a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255;

2. The Clerk of Court should be directed to re-file Petitioner's submissions in this case, and docket them as a § 2255 motion in <u>United States v. Smith</u>, No. 09-286 (ADM/JJK); and

3. Petitioner's application to proceed <u>in forma pauperis</u>, (Docket No. 2), should be DENIED AS MOOT.

Dated: November 7, 2012

              s/Leo I. Brisbois
              LEO I. BRISBOIS
              United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 21, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.